```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                         HAMMOND DIVISION


MARGARITA I. MORALES,              )
                                   )
          Plaintiff                )
                                   )
     v.                            )  Case No. 2:07 cv 121
                                   )
MICHAEL J. ASTRUE,                 )
Commissioner of Social Security    )
                                   )
          Defendant                )
```

## OPINION AND ORDER

This matter is before the court on the Motion for Attorney Fees Under the Equal Access to Justice Act [DE 22] filed by the plaintiff, Margarita I. Morales, on December 2, 2008.[1] For the reasons set forth below, this motion is **GRANTED**.

### Background

Plaintiff Margarita Morales brought this suit to contest a denial of disability benefits by defendant Michael J. Astrue, Commissioner of Social Security ("Commissioner"). On September 25, 2008, this court entered an Order that reversed the Commissioner's denial of benefits and remanded the case to the Commissioner for further proceedings. Morales filed a motion and a supplemental motion to recover attorney's fees in the amount of $9,076.90 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412. The Commissioner opposes Morales' fee request, arguing that the government's litigation position was substantially justified.

---

[1]Margarita Morales has changed her name to Anna Ismenia Morales. (Tr. 26, 39)

Morales' claim was based on conditions that included chronic low back and neck pain, muscle spasms in almost all of her body, pain in her arms, hips, and legs, and depression. The ALJ rejected her application for reasons that included discounting Morales' credibility and refusing to give controlling weight to the opinion of her treating physician, Dr. Marc Levin.

In the order reversing the ALJ's decision, the court concluded that the ALJ erred by failing to articulate the medical evidence to support his refusal to give controlling weight to Dr. Levin's opinion. (Opinion & Order, p. 30) The court also found the ALJ failed to comply with 20 C.F.R. §404.1527(d)(2) when he rejected Dr. Levin's opinion. (Op. & Ord. p. 30) Further, the court found the ALJ failed to articulate the medical evidence that contradicted Dr. Levin's RFC. (Op. & Ord. p. 31)

Additionally, the court found the ALJ erred in his credibility determination of Morales. (Op. & Ord. p. 35) The ALJ implied that Morales' injuries were not as severe as she claimed because they did not preclude her from returning to work, and the court found this directly violated Social Security Regulation 96-7p. (Op. & Ord. p. 33) The court stated that the regulations do not permit a credibility finding to be implied from the record and that the ALJ erred in presuming that simply because someone was employed that was proof that the person was not disabled. (Op. & Ord. pp. 33-34) The court further explained that an adverse credibility finding is insufficient if the ALJ does not

give an explanation that allows the court to understand the weight given to the claimant's statements. (Op. & Ord. p. 33)

Furthermore, the court also held the ALJ failed to consider plausible explanations for Morales' failure to receive more frequent medical care, such as Morales' insurance and financial problems. (Op. & Ord. p. 35) As to the contention that Morales was noncompliant with her medical treatment, the court found that the ALJ misinterpreted Dr. Levin's treatment notes and failed to consider the possibility that Morales failed to take her medication due to a language barrier. (Op. & Ord. pp. 35-36) The court noted that even if Morales intentionally failed to take her medication, this one instance of noncompliance was not enough to render her not entirely credible. (Op. & Ord. p. 36) Thus, the court held the ALJ's credibility determination based on this criteria could not stand. (Op. & Ord. p. 35)

## Discussion

The EAJA provides that a prevailing plaintiff in a civil action against the United States is entitled to recoup reasonable attorney fees and other expenses, "unless the court finds that the position of the United States was substantially justified, or that special circumstances make the award unjust." 28 U.S.C. §2412(d)(1)(A); **Conrad v. Barnhart**, 434 F.3d 987, 989 (7th Cir. 2006). The plaintiff must submit a fee application and itemized statement "to the court within 30 days of final judgment." **United States v. Hallmark Construction Company**, 200 F.3d 1076, 1078-79 (7th Cir. 2000); 28 U.S.C. §2412(d)(1)(B). The district

court's award of attorney fees under the EAJA is reviewed for an abuse of discretion. *Pierce v. Underwood*, 487 U.S. 552, 560, 108 S.Ct. 2541, 2548, 101 L.Ed.2d 490 (1988); *Golembiewski v. Barnhart*, 382 F.3d 721, 723 (7th Cir. 2004).

The Commissioner's position was substantially justified if it had a "reasonable basis in both law and fact." *Pierce*, 487 U.S. at 565, 108 S.Ct. at 2550. The United States bears the burden of showing that "its position was grounded in (1) a reasonable basis in truth for the theory propounded; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced." *Hallmark Construction Company*, 200 F.3d at 1080. In determining whether fees should be awarded under the EAJA, the court does not reevaluate the merits of the underlying case, but instead must "analyze the actual merits of the government's litigating position." *Golembiewski*, 382 F.3d at 724. *See also Young v. Barnhart*, 134 Fed.Appx. 81, 84 (7th Cir. 2005)(noting that the EAJA inquiry focuses on the issues which led to the remand). The assessment of the government's position encompasses its pre-litigation and litigation conduct and "makes only one determination for the entire civil action." *Conrad*, 434 F.3d at 990. Finally, the ultimate outcome of the litigation does not conclusively determine whether the government's position was substantially justified. *See Hallmark Construction Company*, 200 F.3d at 1079-80 ("Conceivably, the Government could take a position that is not substantially justified, yet win, even more

4

likely it could take a position that is substantially justified, yet lose.").

The Commissioner argues the government was substantially justified in defending the ALJ's decision. However, this court finds the argument unpersuasive considering the global determination of this case.

Courts have concluded that the Commissioner's defense of a decision in which the ALJ mischaracterized material evidence was not substantially justified. *Scoles v. Astrue*, 2009 WL 1010425, at *3 (N.D. Ind. Apr. 13, 2009)(*citing* *Golembiewski*, 382 F.3d at 724-25; *Hill v. Astrue*, 2009 WL 269997, at *2 (E.D. Wis. Feb. 2, 2009); *Steele v. Barnhart*, 2002 WL 31478268, at *2 (N.D. Ill. Nov. 5, 2002)). While the ALJ in this case discussed the various medical opinions, the ALJ's consideration of these opinions was compromised by repeatedly failing to articulate the reasoning for his determinations and by the mischaracterization of evidence pivotal to his decision.

The Commissioner contends that the ALJ was correct in deciding that since Dr. Levin had not regularly treated Morales during the preceding two years, the medical opinion should not be given controlling weight. However, the Commissioner's argument does not justify the ALJ's failure to articulate properly the reasons for not giving controlling weight to a treating physician's medical opinion as required by law. The court found the ALJ failed to state the medical evidence that did not support Dr. Levin's opinion, and the ALJ must, at a minimum, articulate the

5

reasons for his decision. ***Stewart v. Astrue***, \_\_\_ F.3d \_\_\_, 2009 WL 859830, at *3 (7th Cir. April 2, 2009)("[A] denial of benefits cannot be sustained where an ALJ failed to articulate the basis of his assessment of a claimant's impairment."); ***Brindisi v. Barnhart***, 315 F.3d 783, 786-87 (7th Cir. 2003); ***Scott v. Barnhart***, 297 F.3d 589, 595-96 (7th Cir. 2002); ***Steele v. Barnhart***, 290 F.3d 936, 940-41 (7th Cir. 2002). Since Dr. Levin had a long history of treating Morales, the ALJ was required to provide "good reasons" why he did not grant the medical opinion controlling weight. *See* 20 C.F.R. §404.1527(d)(2). Further, the court stated that on remand, the ALJ should articulate why the medical evidence did not support Dr. Levin's RFC. Thus, the Commissioner's argument fails because the ALJ was incorrect in his analysis for determining the controlling medical opinion.

Next, the Commissioner contends that even if the ALJ did not adequately articulate reasons for discrediting Morales' complaints, this did not render the Commissioner's position substantially unjustified. Additionally, the Commissioner asserts that even if the ALJ misconstrued Morales' ability to work following her injury, and misinterpreted her course of medical care, the Commissioner was reasonable in relying on the sufficiency of the ALJ's explanation. However, when deciding whether EAJA fees are appropriate, a court looks not only at the Commissioner's litigation position, but also at the overall litigation, including the ALJ's decision itself. ***Stewart***, \_\_\_ F.3d \_\_\_, 2009 WL 859830 at *2. The court must look to whether *either* position lacked a

reasonable basis in law and fact. ***Stewart***, \_\_\_ F.3d \_\_\_, 2009 WL 859830 at *2 (emphasis added). Here, the ALJ's decision lacked a reasonable basis in law and fact. Social Security Regulation 96-7p does not allow for credibility findings to be implied from the record. The ALJ discredited the severity of Morales' injuries simply because she returned to work, and this determination was insufficient. Further, the ALJ was unreasonable in failing to consider that Morales quit seeking medical treatment because of her insurance and financial problems. Additionally, the ALJ's mischaracterization of Morales' medical treatment also is fatal to the Commissioner's contention. The ALJ misinterpreted Dr. Levin's treatment notes and misconstrued Morales' failure to take medication as her being noncompliant with medical treatment. Therefore, the Commissioner was not substantially justified in defending the ALJ's mischaracterization of the medical evidence.

In the end, the court must make one global determination regarding whether the Commissioner's position was substantially justified. ***Scoles***, 2009 WL 1010425, at *4 (*citing **Golembiewski***, 382 F.3d at 724; ***Godbey v. Massanari***, 2001 WL 1035205, at *2 (N.D. Ill. Sept. 4, 2001); ***Lane v. Apfel***, 2001 WL 521835, at *3 n.6 (N.D. Ill. May 16, 2001)(emphasizing that a court must not count arguments, but instead must focus on the "totality of the circumstances" when considering whether the Commissioner's position was substantially justified)). "In general, . . . if the case for remand is strong and clear-cut, ***Golembiewski*** teaches that it will probably be an abuse of discretion to deny fees. If

7

the case for remand is closer, and especially if it is focused primarily on an inadequate explanation of what might be a reasonable decision, *Cunningham* teaches that it will probably not be an abuse of discretion to deny fees." *Scoles*, 2009 WL 1010425, at *4 (*quoting* *Purvis v. Barnhart*, 2006 WL 3354518, at *2 (S.D. Ind. Nov. 16, 2006)). The ALJ contravened longstanding agency regulations as well as judicial precedent in deciding not to give controlling weight to the medical opinion of the treating physician, Dr. Levin. The ALJ committed similar errors of law and fact regarding the credibility determination. Consequently, the Commissioner has failed to carry the burden of establishing that a defense of the ALJ's decision was substantially justified. Thus, Morales is entitled to an award of fees.

The plaintiff's attorney has the burden of proving that the EAJA fees sought are reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); 28 U.S.C. §§2412(b) & (d)(1)(B). The Supreme Court has observed that hours "not properly billed to one's *client* also are not properly billed to one's *adversary*." *Hensley*, 461 U.S. at 434 (*quoting* *Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980)(emphasis in original). The prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, but the amount of a fee award is left to the discretion of the district court because of its "superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are

factual matters." *Id*. at 434, 437.  A prevailing attorney ordinarily is not entitled to collect attorney's fees for time spent on non-professional and clerical tasks.  ***Evans v. Astrue***, 2008 WL 5235993, at *6 (N.D. Ind. Dec. 12, 2008). *See* ***Spegon v. Catholic Bishop of Chicago***, 175 F.3d 544, 553 (7th Cir. 1999) (*citing* ***Halderman v. Pennhurst State School & Hospital***, 49 F.3d 939, 942 (3rd Cir. 1995)(analyzing fee awards pursuant to the Fair Labor Standards Act's provisions for awarding attorney's fees, the court found that hours spent by counsel on tasks that are easily delegable to non-professional assistance should be disallowed). *See also* ***Seamon v. Barnhart***, 2006 WL 517631, at *7 (W.D. Wis. Feb. 23, 2006)(finding that the prevailing plaintiff's attorney in a social security case was not entitled to fees for clerical tasks such as reviewing service of summonses and sending proof of service to the court).

Morales has requested an award of $9076.90 in attorney's fees for work performed in this case.  Morales' attorney has submitted supporting materials, including a descriptive time log for work on the case.

The Commissioner argues that Morales' fee request is excessive and that she has failed to show that the number of hours is reasonable.  Additionally, if the court finds Morales is entitled to attorney's fees, then the Commissioner requests the court to cap the available attorney's fees at 30 hours.  In support, the Commissioner makes a number of additional arguments, including that this case involved a transcript of only 568 pages and only

348 pages of medical evidence and that it was a substantively and procedurally straightforward disability case. The Commissioner contends there were no novel issues, no post judgment motions, no additional pleadings, and no oral arguments. Further, the Commissioner argues Morales' counsel already was familiar with the issues in the case because the attorney represented Morales at the administrative level. The Commissioner also disputes whether the hours listed on the time log are recoverable because it includes one clerical hour of work that is not recoverable under the EAJA. The Commissioner urges that these reasons justify reducing the attorney's fee award to 30 hours.

Morales replies that the request for attorney's fees is not excessive or unreasonable and that the fee request should not be reduced. Morales argues that the Commissioner does not dispute the quality of the work performed or that the time spent writing the briefs exceeded 43 hours. Morales does concede that a total of one clerical hour of work was miscalculated into the request for attorney's fees, and the request should be reduced from 51.6 hours to 50.6 hours.

Upon review of the time log, the court did not find any additional clerical hours that were included in the attorney's time log. A one hour reduction, as stipulated by the parties, will correct this error.

Additionally, the court does not find it unreasonable for Morales' attorney to have spent 50.6 hours on this case. The time log does not demonstrate Morales' attorney was unreasonable

or excessive in the time spent reviewing the administrative record, researching the issues, preparing summaries of evidence and testimony of witnesses, drafting and revising opening and reply briefs, and reviewing the Commissioner's response brief.

The court is not persuaded by the Commissioner's argument that this case was a relatively routine disability case, that 20 to 40 hours should be the benchmark for such cases, and that the attorney's hours should be capped at an arbitrary figure of 30 hours. Regardless of whether this case was a routine case, the work performed by Morales' attorney resulted in the reversal and remand due to multiple deficiencies of law and fact in the ALJ's analysis and findings. Furthermore, this court finds that the time recorded in a log provides a more accurate standard by which to judge the reasonableness of attorney's fees than an arbitrary estimate based upon select social security cases. See *Evans*, 2008 WL 5235993 at *7 ("[T]ime recorded in a log provides a better indication of the time that a case has required and the proper measure of fees to award than a benchmark number culled from a few cases selected from around the country . . . or than a blunt and arbitrary instrument like reducing fees by one-half, one-third, one-quarter, one-fifth, or some other fraction/percentage."). For these reasons, the court finds that the sum of 54.1 hours (50.6 hours in attorney's work, reduced by one hour for clerical tasks, and 3.5 hours for Plaintiff's EAJA Reply Brief) is reasonable.

Morales seeks the hourly rate of $167.78 for attorney's fees, and the Commissioner has offered no objection to this rate. Accordingly, the court will employ this hourly rate and award EAJA fees in the amount of $9,076.90.

_____

For the foregoing reasons, the Motion for Attorney's Fees Under the Equal Access to Justice Act filed by the plaintiff, Margarita I. Morales, on December 12, 2008, is **GRANTED**. Attorney fees are awarded in the amount of $9,076.90.

ENTERED this 18th day of June, 2009

                                    s/ ANDREW P. RODOVICH
                                        United States Magistrate Judge